
FILED
2014 Jan-22  PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLARENCE ARMOUR, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action Number |
| **vs.** | ) | **2:13-CV-01408-KOB** |
| | ) | |
| **MONSANTO COMPANY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on "Plaintiffs' Motion to Reconsider Order on Plaintiffs' Motion to Disqualify Some of the Defendants' Counsel." (Doc. 38). The court GRANTS Plaintiffs' motion to reconsider. Upon reconsideration, the court again DENIES Plaintiffs' motion to disqualify for the following reasons.

Motions for reconsideration are disfavored by the court and reconsideration is an *extraordinary* remedy that should be employed sparingly in the interests of finality and conservation of scarce judicial resources. *Sonnier v. Computer Programs & Systems, Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001). A district court has broad discretion in reconsideration of its own interlocutory orders. *See Herman v. Hartford Life & Acc. Ins. Co.*, 508 Fed. App'x 923, 927-28 (11th Cir. 2013).

Although Plaintiffs may have been dissatisfied with the brevity of the court's Order in light of the particularly loquacious briefs submitted by the parties in the matter, a concise Order

in no way indicates a lack of due consideration of all the arguments on the issue. Likewise, simply because the court did not recite each of the numerous alleged facts and justifications that formed the background of the motion—indeed, such an endeavor would have resulted in a treatise rather than an Order—does not mean that the court's Order was, in Plaintiff's words, "woefully incomplete." Ultimately, the problem with Plaintiffs' motion is that it addresses alleged violations that occurred over a decade ago in *another* case[1] that has long been *closed*. The court does not need to concern itself with alleged ethical lapses that may have occurred long ago in a matter not then before it. *See Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980) ("A district court is obliged to take measures against unethical conduct occurring in connection with any proceeding *before it*.") (emphasis added).[2]

The court did not specifically address Plaintiffs' ethical challenges in its Order because it found them to be untimely and inapplicable to the present case. The allegation that Judge Clemon violated Alabama Rules of Professional Conduct 1.11(c)(2) and 1.12 by negotiating employment with a firm that was involved with the *Tolbert* litigation is completely irrelevant and provides no grounds for sanctions or disqualification in the current case.[3] Judge Clemon has not been involved in *Armour* as a judge or in any other capacity. Furthermore, Judge Clemon's lack of involvement in the *Armour* matter makes compliance with Rule 1.12(c) irrelevant.

---

[1]*Tolbert, et al. v. Monsanto Company, et al.*, Case No. 2:01-cv-01407-KOB.

[2]*See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding Eleventh Circuit precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981).

[3]The court assumes without deciding that the Alabama Rules of Professional Conduct even apply to judicial conduct.

Plaintiffs' motion to reconsider is quite insistent that the court applied an incorrect standard in reviewing the motion to disqualify, although Plaintiffs themselves do not appear to be certain which standard *is* proper. At one point they state: "The correct rule of law is whether counsel's conduct violates applicable rules of ethics and constitutes ground for disqualification of counsel." (Doc. 38, at 3). Later they state: "[I]t was 'impropriety' or the appearance thereof rather than prejudice that is involved in the disqualification of counsel." (Doc. 38, at 5). Again they state: "[T]he appropriate standard of review of a case of attorney disqualification was review of the facts under a clearly erroneous standard and review of the law involving careful examination of the district court's interpretation and application of the relevant ethical standards."[4] (Doc. 38, at 11).

The actual standard governing such a motion to disqualify is derived from two sources of authority: the substance of the local rules of the court in which the case appears and federal common law. *Herrmann v. Gutter Guard, Inc.*, 199 Fed. App'x 745, 752 (11th Cir. 2006). Plaintiffs allege no violation of this court's local rules. The court has already noted why Alabama Rules of Professional Conduct 1.11(c)(2) and 1.12 do not substantively apply in this case. The court should also examine the federal common law—as it did in its previous Order and as it continues to do in this one. The Eleventh Circuit has held that the "party moving to disqualify counsel bears the burden of proving the grounds for disqualification." *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). Furthermore, "[b]ecause a party is presumptively entitled to the counsel of his choice, that right may be overridden *only if 'compelling reasons' exist.*" *Id.*

---

[4]This standard is actually the standard that a *circuit court* would apply in reviewing a district court's decision to disqualify counsel and has no bearing on the district court's initial decision.

(emphasis added).  Plaintiffs still have not shown compelling reasons to grant their motion to motion to disqualify the White Arnold & Dowd PC law firm in this case. The court, in its prior order, followed these Eleventh Circuit pronouncements.

Plaintiffs criticize the court's note in its previous Order that a court should use caution in evaluating a motion to disqualify because such motion can be used as a method of harassment. This cautionary warning is part of the federal common law that this court is required to consider and was appropriately recognized regardless of the existence of any actual harassment. *See Herrmann*, 199 Fed. App'x at 752. "A disqualification order 'is a harsh sanction, often working substantial hardship on the client' and should therefore 'be resorted to sparingly.'" *Id.* (quoting *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n. 4 (11th Cir. 1982)).

Plaintiffs also suggest that Defendants would suffer no other harm by the disqualification of their counsel "other than the 'harm' to Defendants from their inability to employ counsel that have violated the ethical rules." Although Plaintiffs may not view Defendants' inability to employ counsel of their choosing as a significant harm, the Eleventh Circuit does not agree. *See BellSouth*, 334 F.3d at 961 ("a party is presumptively entitled to the counsel of his choice").

Plaintiffs' motion to reconsider also addresses a continuing exchanged engaged in by the parties on the topic of Mr. Curtis Ray, on whose behalf Mr. Eugene Rutledge—Plaintiffs' counsel in *Armour*—appeared in the *Tolbert* case in 2010. Plaintiffs' argument that the *Tolbert* court inappropriately interpreted Mr. Ray's attempt to appeal an entirely different matter does not vitiate the fact that the Judge Clemon still acknowledged that Mr. Ray was a plaintiff in *Tolbert* and accepted Mr. Rutledge's Notice of Appearance. (*Tolbert*, Doc. 830) (Mr. Ray "presumably is one of the 18,000 claimants referred to in Judge Clemon's order. The Notice of Appearance is

4

docketed for whatever legal significance it may have."). As such, Mr. Ray was capable of challenging any alleged ethical violations in *Tolbert* itself. (*Tolbert*, Doc. 808) ("Should Mr. Ray seek to appeal to the Eleventh Circuit Court of Appeals, or indeed any appropriate judicial forum, he may of course do so . . ."). Furthermore, Plaintiffs' extensive discussion of the law review article written by Mr. Edgar C. Gentle, III, the *Tolbert* Settlement Administrator, while interesting, is unnecessary and irrelevant to the motion at hand.

Despite Plaintiffs' denigration of the affidavit provided by Ms. Augusta S. Dowd, declaring that White Arnold & Dowd created a wall ensuring that Judge Clemon "has no involvement in or knowledge of any of the Firm's work in representing Monsanto Company, Pharmacia LLC, and Solutia, Inc. in connection with litigation arising out of the release of PCBs from the plant in Anniston, Alabama," the court is satisfied with the "wall" and is assured that no unethical conduct or impropriety of any kind has occurred or is likely to occur *in this case*.

Because the Plaintiffs failed to demonstrate that the court should exercise its discretion to change its previous interlocutory order, the court again DENIES Plaintiffs' motion to disqualify Defendants' counsel.

DONE and ORDERED this 22nd day of January, 2014.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

5